## George Funk v. Clara E. Funk.

1. ALIMONY—*Pendente Lite.*—Where a defendant in a suit for divorce files a cross-bill charging his wife with serious offenses against the marital relation, to meet and defend herself against such charges she is entitled to alimony and expense money, regardless of the question as to the sufficiency of her own bill.

**Bill for Divorce.**—Trial in the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Order for alimony *pendente lite.* Appeal by complainant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

HENRY MAYO, attorney for appellant.

Sec. 15 of Chap. 40, R. S. Ill., provides that the court in which a wife brings suit for divorce from her husband may compel him to pay her such sum of money as may enable her to maintain or defend the suit, and alimony *pendente lite.*

The discretion of the trial court in allowing alimony under the above section is subject to review upon appeal. Foote v. Foote, 22 Ill. 425; Stillman v. Stillman, 99 Ill. 196; Blake v. Blake, 80 Ill. 523.

The amount of the allowance is ordinarily determined by considering the joint income of the husband and wife, the husband's income, the estate of the wife as well as the acts and conditions in life of the parties, their ability to care for themselves, whether they are subject to the support and education of minor children. Harding v. Harding, 144 Ill. 588; Am. & Eng. Enc. of Law, 2d Ed., p. 111.

Bishop, in treating of the considerations which determine

Funk v. Funk.

the amount of alimony, says (Secs. 455 and 456): "Another important thing is the income of the wife arising from her separate estate, if such she has, and the method of computation is to add the wife's annual income to her husband's, consider what, under all the circumstances, should be allowed her out of the aggregate, then from the sum so determined deduct her separate income, and the remainder will be the annual allowance to be given her." In Sec. 460, the same author says, "the ordinary rule of temporary alimony is to allow the wife about one-fifth of the joint income, deducting, of course, the income of the wife's separate estate in the way already explained."

This rule is approved in the Harding case.

One-fifth of the joint income has been held to be the usual and proper allowance to the wife for her support during the pendency of the suit, to be varied, however, according to the circumstances of the parties. Am. & Eng. Enc. of Law, 2d Ed., p. 112.

In some cases it has been held that the amount should be limited to the wife's actual wants until the result of the suit in her favor establishes her right to a more liberal allowance. If the income of a wife be sufficient to suitably support her, there will ordinarily exist no reason for making an allowance for that purpose. Harding v. Harding, 144 Ill. 588.

Probable cause for the suit, the wife's necessity and the husband's ability, are the controlling considerations in determining whether alimony *pendente lite* and suit money will be allowed. Burgess v. Burgess, 25 Ill. App. 525; Jenkins v. Jenkins, 91 Ill. 167.

The conduct of the parties may be taken into consideration upon the question of alimony. Stewartson v. Stewartson, 15 Ill. 145.

Threats of personal violence, abusive language, are not sufficient ground for divorce. Vignos v. Vignos, 15 Ill. 186.

One act of cruelty is not ground for divorce. Fizette v. Fizette, 146 Ill. 328.

HASKINS, PANNECK & HASKINS, attorneys for appellee.

The power given by the statute to the court to make such order concerning the custody of the minor children of the parties during the pendency of the suit, as may be expedient and for the benefit of the children, includes power to make an order for the payment of a sum reasonably sufficient for their support *pendente lite;* and the allowance of such a sum to the wife for the support of her child is in effect an adjudication that she have the custody and care of the child during the pendency of the suit.   Foss v. Foss, 100 Ill. 576.

The allowance of alimony is within the sound discretion of the court, and so the allowance for the support of an infant child is a matter of judicial discretion.   Bergen v. Bergen, 22 Ill. 187; Jolliff v. Jolliff, 32 Id. 527.

The allowing of alimony *pendente lite* is a judicial, not an arbitrary discretion, and is, therefore, a subject of appeal, and while it is so, it should be only upon a strong and decided difference of opinion, where an Appellate Court would be disposed to disturb a decree.   Foote v. Foote, 22 Ill. 426.

It is a matter of discretion with the court to be exercised in view of all of the circumstances of the case.   Jolliff v. Jolliff, 32 Ill. 527.

The exercise of the power to make allowances to the wife pending a bill for divorce, for the support, during the litigation, of herself and children in her care and custody, and for the payment of her solicitor's fees and other expenses of suit, is within the judicial discretion of the court wherein such bill is pending.   In such cases this court will not interfere, unless there has been an abuse of discretion. Wooley v. Wooley, 24 Ill. App. 431.

MR. JUSTICE CRABTREE delivered the opinion of the court.

In this case appellee filed her bill against appellant praying a divorce on the ground of extreme and repeated cruelty.   Appellant filed his answer denying the charges of the bill.

Appellee then filed her petition asking an allowance for

Funk v. Funk.

temporary alimony and expense money. Appellant answered the petition and also filed a cross-bill for divorce charging appellee with adultery. On the hearing of the petition for alimony the court entered a decree allowing appellee $250 for expense money in carrying on the suit and for solicitor's fees, and the further sum of $50 per month for the support of herself and three minor children during the pendency of the suit. From this order allowing alimony and expense money appellant prosecutes this appeal.

The petition and answer thereto show that appellee is the owner of the greater portion of the farm occupied by appellant, worth some $15,000.

The petition avers that appellee, on account of the cruelty of appellant, was compelled to leave the farm, since which time appellant has continued to reside thereon, using and operating the same, and appropriating the proceeds to his own use, and has applied nothing whatever to the support of appellee and their children; that during the year 1897 he raised and disposed of from the farm, property worth not less than $1,500; that the use of the farm belonging to appellee and now occupied by appellant is worth at least $1,000 per year; that she has no income, and is destitute of means to support herself and family and to carry on the suit. The answer of appellant admits appellee's ownership of the farm; denies the income therefrom is worth $1,500 per year, but does not state how much it is worth.

It is insisted by counsel for appellant that the bill only charges one act of personal violence, and therefore under the law of this State does not show probable cause for filing the same, or for granting a divorce, and hence alimony should not have been allowed. But aside from this question it must be remembered that appellant has filed a cross-bill against her, charging her with a most serious offense against the marital relation, and to meet and defend against this charge she is entitled to alimony and expense money, regardless of the question as to the sufficiency of her own bill, concerning which we are not now called upon to express any opinion. It is enough that this litigation is

pending so far as its present condition is concerned to warrant the court in awarding her expense money and alimony *pendente lite.* The wife appears to have no available income of her own, appellant having the use of her property as well as that owned by himself. Under these circumstances it was proper that some allowance should be made to her. Upon an examination of the record we are not satisfied the court abused its discretion in making the order appealed from, and it will therefore be affirmed.